UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-21886

IGNACIO SANCHEZ,

       Plaintiff,

vs.

FTS USA, LLC,

       Defendants.

_____/

## COMPLAINT

       Plaintiff, Ignacio Sanchez, sues Defendant, FTS USA, LLC, for overtime wages that Defendant failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. ("the FLSA"), as follows:

### *Parties, Jurisdiction, and Venue*

       1.      **Plaintiff, Ignacio Sanchez**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all of the time that he spent working over 40 hours per week from Defendants. Mr. Burga consents to participate in this lawsuit. [DE 1-1.]

       2.      **Defendant, FTS USA, LLC,** is a Pennsylvania (i.e., Foreign) for-profit corporation that is authorized to conduct and that actually conducts its cable installation business throughout this District, with an office / place of business within Miami-Dade County, and it is *sui juris*.

       3.      Defendant was Plaintiff's employer, as the term "employer" is defined by 29

1

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

U.S.C. §203 (d).

4.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District and because most if not all of the operational decisions relating to Plaintiff were made in this District.

5.      This Court has original jurisdiction over Plaintiff's federal question claim.

### Background Facts

6.      Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

7.      Defendant, in the course of its providing service, support, maintenance, troubleshooting, and installation of audio-visual and internet cable services, products, and materials has been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

8.      Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

9.      Plaintiff worked for Defendant as an "installer" and/or as an "installation technician" who installed, serviced, and maintained cable receivers, wires, spliced wires, performed troubleshooting, and who also communicated with Comcast with regard to cable-based communications and transmissions for Defendant (and Comcast) from January 2012 to February 9, 2014.

2

10.     During this time, Plaintiff utilized tools, machinery, materials, and supplies that were provided to him/them by Defendant and that traveled in interstate commerce prior and/or subsequent to Plaintiff's use of the same.

11.     To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendant's exclusive custody.

12.     Defendant paid Plaintiff on a piece-rate basis, without regard for the actual number of hours worked and without paying Plaintiff at the rate of time and one-half of his regular rate of pay for all hours worked over 40 in a workweek.

13.     Defendant required Plaintiff to perform additional work "off-the-clock" for the sole benefit of Defendant and/or would routinely "cut" or reduce the amount that Defendant would pay Plaintiff.

14.     From approximately January 2012 through February 9, 2014, Mr. Sanchez worked approximately 65 hours per week for Defendant.

15.     Ultimately, Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate for all hours worked over 40 hours in a given workweek.

26.     Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

27.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA OVERTIME VIOLATION

Plaintiff, Ignacio Sanchez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

3

28.     Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

29.     Defendant either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him overtime, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff the overtime pay he earned.

30.     Plaintiff and the members of the class are entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Ignacio Sanchez, demands the entry of a judgment in his favor and against Defendant, FTS USA, LLC, after trial by jury and as follows:

a.     That the named Plaintiff recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.     That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

c.     That Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

d.     Such other and further relief as the Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury of all issues so triable.

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

Dated this <u>20th</u> day of May, 2014.

Respectfully Submitted,

FAIRLAW FIRM
9130 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Tel:    305.230.4884
Fax:    305.230.4844

<u>s/*Brian H. Pollock, Esq.*</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com